UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY TAYLOR,

        Plaintiff,

v.

Case No. 1:16-cv-1073

Hon. Gordon J. Quist

UNKNOWN CARNEY, *et al.*,

        Defendants.

        _____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner in the custody of the Michigan Department of Corrections (MDOC) pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendant Carney's motion for summary judgment for lack of exhaustion (ECF No. 7). Defendant's motion is unopposed.

    **I.**    **Background**

Plaintiff's complaint named the following employees at the Oaks Correctional Facility (ECF): Corrections Officer (CO) Carney; Resident Unit Manager (RUM) J. Thomas; and Warden T. Mackie. Compl. (ECF No. 1). The Court previously summarized plaintiff's claim as follows:

> Plaintiff alleges that he had been having difficulty with Defendant Carney for some time. Over the period of two months, Defendant Carney allegedly made disparaging comments about Plaintiff and his father and ordered a misconduct ticket issued against Plaintiff, which Plaintiff did not believe he deserved. Plaintiff alleges that he complained to Defendant Thomas about the conflict with Defendant Carney and asked to be moved to a different housing unit to avoid further problems with Carney. Thomas refused to transfer Plaintiff.

Opinion (ECF No. 4, PageID.26).

At the heart of this lawsuit is plaintiff's claim that CO Carney used excessive force on July 16, 2016: CO Carney was escorting plaintiff; plaintiff spit in Carney's face; and, Carney responded by using excessive force. Compl. (ECF No. 1, PageID.3); Statement of facts (ECF No. 1-1, PageID.7). The Court summarized the alleged incident as follows:

> . . . Plaintiff was ordered to allow himself to be handcuffed and escorted out of his cell, so that certain items could be removed from the cell. Plaintiff apparently complied with the order to be handcuffed, but he spit in Defendant Carney's face. Defendant Carney allegedly responded by hitting Plaintiff in the face with sufficient force to cause Plaintiff's head to hit the floor and split open. Carney then ground Plaintiff's head into the floor, causing his face to be smeared with blood. Carney grabbed Plaintiff's right wrist and twisted backward and upward, causing deep, red abrasions and bruising on Plaintiff's right wrist. When Plaintiff complaint that Carney was hurting his wrist, Carnet [sic] responded, "Shut up or I'll crack your f**king head open again." (Statement in Supp. of Compl., ECF No. 1-1, Page ID.8.) As a result of Defendant Carney's actions, Plaintiff was taken to health care, where he was kept under observation for 12 hours. In addition, Plaintiff had bruising and deep, red grooves on his wrist that remained for four or five days.
>
> Plaintiff contends that Defendant Carney used excessive force, in violation of the Eighth Amendment. He also alleges that Defendant Thomas knew of Plaintiff's bad relationship with Defendant Carney, but did nothing to protect Plaintiff from Carney. For relief, Plaintiff seeks $250,000 in compensatory damages.

Opinion (ECF No. 4, PageID.26-27). The Court dismissed plaintiff's claims against RUM Thomas and Warden Mackie, and ordered service of the complaint on CO Carney. *Id.* at PageID.31; Order (ECF No. 5).

## II. CO Carney's motion for summary judgment

### A. Legal standard

CO Carney has moved for summary judgment for lack of exhaustion. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56

further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a

motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id.* at 405.

    **B.    Failure to Exhaust**

    **1.    Exhaustion requirement**

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3. Discussion

Plaintiff filed this action on August 30, 2016, about six weeks after the alleged incident. *See* Compl. In an affidavit executed on December 19, 2016, MDOC Departmental Technician Carolyn Nelson certified that "since December 14, 2015 [about seven months before the incident], Zachary Taylor #597646 has not filed any grievance through Step III." *See* Carolyn Nelson

Affidavit (ECF No. 8-3, PageID.57). In this regard, the MDOC Prisoner Step III Grievance Report (ECF No. 8-3, PageID.58) shows no record of a grievance filed after the alleged incident and exhausted prior to the date that plaintiff filed this lawsuit. While the Grievance Report indicates that plaintiff exhausted three grievances through Step III, these grievances were filed in September and October, 2015, months before the date of the alleged use of excessive force. Plaintiff does not contest the affidavit or report. Based on this record, plaintiff did not properly exhaust his claims against the remaining defendant, CO Carney. *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendant Carney's motion for summary judgment should be granted.[1]

### III. Recommendation

For these reasons, I respectfully recommend that defendant Carney's motion for summary judgment (docket no. 7) be **GRANTED** and that this action be **TERMINATED**.

Dated: June 8, 2017  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] Because plaintiff failed to exhaust his claims against CO Carney as required by the PLRA, the Court has not addressed defendant's affirmative defense of Eleventh Amendment Immunity.